E-FILED
Friday, 26 February, 2010  01:31:24 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| BENNIE RAY SINGLETON, SR., | ) |
| Petitioner, | ) |
| v. | ) Case No. 09-1248 |
| DENNY SMITH, Warden, | ) |
| Respondent. | ) |

## O R D E R

This matter is before the Court on Petitioner, Bennie Ray Singleton's ("Singleton"), Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. For the reasons set forth below, the Petition for Writ of Habeas Corpus [#1] is DENIED.

### Factual and Procedural Background

Following his conviction for bank robbery in the United States District Court for the Northern District of Illinois, Singleton was sentenced to 192 months' imprisonment and three years of supervised release. He has a projected release date of September 26, 2010, based on the amount of good conduct time that he has earned.

Singleton filed this Petition alleging that the Bureau of Prisons ("BOP") has wrongfully awarded him only six months of placement in a community confinement facility rather than the maximum 12 months allowed under the Second Chance Act. The Government has filed its response, and this Order follows.

## Discussion

A petition seeking habeas corpus relief is appropriate under 28 U.S.C. § 2241 when a defendant is challenging the fact or duration of her confinement. Preiser v. Rodriguez, 411 U.S. 475, 490, 93 S.Ct. 1827 (1973); Waletzki v. Keohane, 13 F.3d 1079, 1080 (7th Cir. 1994). The writ of habeas corpus may be granted where the defendant is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241(c)(3).

Under the Second Chance Act, 18 U.S.C. § 3624(c), the Bureau of Prisons ("BOP") has the authority to place inmates in community confinement facilities during the final portion of their sentences for up to 12 months. Specifically:

> The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.

Id. Singleton contends that the BOP is violating § 3624(c) by authorizing only a six month placement in a halfway house, claiming that he is entitled to the six months he was to receive under the former allocation system plus an additional six months pursuant to the Second Chance Act.

However, Singleton's interpretation of the Second Chance Act is simply incorrect. The language of the statute clearly establishes that inmates are not entitled to the full 12 months of placement in a halfway house. Section 3624(c) requires only that "to the extent practicable," the BOP must allow an inmate to spend "a portion of the final months" of his term under conditions that will allow him to prepare and adjust for reentry into the

community.  Id.  The language is discretionary, and there is simply no guarantee to placement for the maximum amount of time available.

The amount of time to be allocated to each inmate is left to the considerable discretion of the BOP.  Pence v. Holinka, 2009 WL 3241874, at *1 (W.D.Wis. Sept. 29, 2009), citing Sessel v. Outlaw, 2009 WL 1850331, at *4 (E.D.Ark. 2009); Woods v. Wilson, 2009 WL 2579241, at *2 (N.D.Ill. Aug. 19, 2009); Daraio v. Lappin, 2009 WL 303995 (D.Conn. Feb. 9, 2009) (BOP retains discretion under the Second Chance Act to decide whether and when an inmate should be placed in a halfway house.)  In exercising this discretion, the BOP must make decisions on an individual basis considering the factors listed in 18 U.S.C. § 3621(b) in an effort to "ensure that placement in a community correctional facility . . . is . . . of sufficient duration to provide the greatest likelihood of successful reintegration into the community."  18 U.S.C. § 3624(c)(6).  Factors to be considered are:  (1) the resources of the facility contemplated; (2) the nature and circumstances of the offense; (3) the history and characteristics of the prisoner; (4) any statement by the court that imposed the sentence concerning the purposes for which the sentence was determined to be warranted or recommending a specific type of facility; and (5) any pertinent policy statement issued by the Sentencing Commission.  18 U.S.C. § 3621(b).  These statutory provisions are echoed in the BOP's promulgated rules set forth at 28 CFR §§ 570.20-21.

In considering Singleton's eligibility for community confinement placement, the record reveals that his Unit Team determined that six months' placement was sufficient to provide the greatest likelihood for his successful reintegration into the community  due to the resources available to him.  His criminal history, including convictions for bank robbery,

involuntary manslaughter, armed robbery, and failure to appear, was specifically considered. Singleton's violent criminal history is relevant to the assessment of the second and third factors under § 3621(b). He also indicates that he was told that the fact that he had not provided substantial assistance to either the government or the BOP was taken into consideration, which could implicate the third and fourth factors under § 3621(b). Furthermore, Singleton is scheduled for placement at the Salvation Army Mens Center in Chicago, Illinois. Although he is eligible for placement on March 25, 2010, the record indicates that this facility will not have a bed available for him until April 23, 2010. Thus, the resources of the community confinement facility, the first factor to be considered under § 3621(b), also suggest that the six month placement approved by the Unit Team was appropriate.

For these reasons, the record supports the conclusion that the BOP followed the provisions of the statute and considered the relevant factors in making its assessment. "If the [BOP] considers the relevant factors in making its determination, a challenge . . . could not succeed unless the plaintiff could show that the decision was arbitrary, capricious, or otherwise an abuse of discretion, a difficult standard for the plaintiff to meet." Woods, 2009 WL 2579241, at *2, *citing* Tristano v. Federal Bureau of Prisons, 2008 WL 3852699, at *1 (W.D.Wis. 2008).

It is not the role of this Court to conduct an independent review of the § 3621(b) factors and make a de novo determination as to Singleton's placement in a halfway house. Rather, the BOP's decision as made by his Unit Team is entitled to deference so long as it is not arbitrary, lacking any rational basis, or otherwise contrary to the requirements of the statute. Singleton has not shown that the BOP's decision in his case implicates any

of these concerns, and his bald disagreement with the outcome is insufficient. His request for relief pursuant to § 2241 must therefore be denied.

## Conclusion

For the reasons set forth above, the Petition for Writ of Habeas Corpus [#1] is DENIED, and this matter is now TERMINATED.

ENTERED this 26th day of February, 2010.

s/ Michael M. Mihm
Michael M. Mihm
United States District Judge
